IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| AUSENCIO PINEDA, § | |
|     Plaintiff, § | |
| § | |
| v. § | |
| § | C.A. NO. C-05-111 |
| JO ANNE B. BARNHART, § | |
| Commissioner of the Social Security § | |
| Administration, § | |
|     Defendant. § | |

## **ORDER**

This is a social security action filed pursuant to 42 U.S.C. § 405. Pending is plaintiff's motion for award of attorney's fees pursuant to the Equal Access To Justice Act ("EAJA"). (D.E. 39).[1]

The district court filed and entered a final judgment on December 29, 2005. (D.E. 27). The Government has 60 days to appeal from the date of the entry of final judgment. Fed. R. App. P. 4(a)(1)(B). On February 1, 2006, plaintiff filed his motion seeking attorneys fees. (D.E. 34). That motion was dismissed as premature. (D.E. 38). On February 24, 2006, plaintiff refiled his motion seeking attorneys fees.

EAJA establishes that "a party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, ...." 28 U.S.C. § 2412(d)(1)(B). The term "final judgment" is defined in EAJA as "a

---

[1] In support of plaintiff's motion for fees, he also files a memorandum of law, (D.E. 42), and a declaration by his attorney, (D.E. 41).

judgment that is final and <u>not appealable</u>, ...." 28 U.S.C. § 2412(d)(2)(G) (emphasis added); <u>see also</u> <u>Briseno v. Ashcroft</u>, 291 F.3d 377, 379 (5th Cir. 2002) (per curiam).

For some reason, plaintiff's counsel waited only until 57 days after the date of the entry of final judgment to refile the motion for attorney's fees. It is unclear why plaintiff's counsel chose to ignore the law as well as the previous order dismissing the motion as premature. Plaintiff's counsel is cautioned that the Court considers her refusal to adhere to its orders as well as the law to be a very serious matter.

Plaintiff's motion is premature as the Government's time for filing any notice of appeal has not lapsed yet and thus is still appealable. Plaintiff may refile a timely motion for attorney's fees with the necessary supporting documents once the action is no longer appealable. Accordingly, plaintiff's motion for attorney's fees, (D.E. 39), is DENIED without prejudice.

ORDERED this 24th day of February 2006.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE