IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| AUSENCIO PINEDA | § |
| | § |
| v. | § |
| | § C.A. NO. C-05-111 |
| | § |
| JO ANNE B. BARNHART | § |
| COMMISSIONER, SOCIAL | § |
| SECURITY ADMINISTRATION | § |

**MEMORANDUM AND RECOMMENDATION**
**ON PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Plaintiff Ausencio Pineda prevailed in his lawsuit in which a decision of the Commissioner of Social Security Administration was vacated and remanded for proper development. (D.E. 26). Plaintiff now seeks an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (D.E. 44). The Commissioner did not file a motion opposing the award of attorney fees.[1] For the reasons stated herein, it is respectfully recommended that plaintiff's motion for attorney fees be granted.

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

# I. PROCEDURAL BACKGROUND

Plaintiff filed his disability application on September 11, 2002, claiming an inability to work since November 20, 2000. Tr. 66-67, 79.[2] His application was initially denied on January 13, 2003. Tr. 36, 42. It was also denied on reconsideration. Tr. 44, 47. He then requested a hearing by an Administrative Law Judge ("ALJ"). Tr. 48. On May 18, 2004, the ALJ issued his decision holding that plaintiff was not disabled, and therefore, was not entitled to either DIB or SSI benefits. Tr. 18.

Plaintiff filed a request for review of the ALJ's decision with the Appeals Council, which was denied on January 10, 2005. Tr. 4, 11.

On March 3, 2005, plaintiff filed this action. (D.E. 1). In his motion for summary judgment, he sought a grant of benefits, or in the alternative a remand of his case to the Commissioner for a new administrative hearing. (D.E. 18). The Commissioner filed a reply to plaintiff's motion for summary judgment, and also moved for summary judgment. (D.E. 19).

By order and final judgment entered on December 29, 2005, the Commissioner's decision was vacated and the case was remanded for reconsideration. (D.E. 26, 27). The Commissioner did not appeal.

---

[2] "Tr." refers to the administrative record followed by the relevant page number.

## II. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff makes the following claims:

1. Plaintiff is the prevailing party in this suit.

2. The Commissioner's decision denying plaintiff benefits was not substantially justified.

3. There are no special circumstances that would make an award unjust.

4. The fee application was timely filed.

5. Plaintiff's attorney worked 27.20 hours on this matter; this time was reasonable and necessary to the prosecution of plaintiff's case.

6. The appropriate hourly rate for an attorney pursuant to the EAJA, adjusted for a cost-of-living increase, is $151.25.

7. Plaintiff is entitled to an award of attorney fees, costs, and expenses pursuant to the EAJA.

## III. DISCUSSION

### A. Attorney Fees Pursuant to the EAJA.

A party is entitled to recover attorney fees pursuant to the EAJA if four requirements are met: (1) he is the prevailing party, (2) he files a timely fee application, (3) the government's position was not substantially justified, and (4) no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); <u>Squires-Allman v. Callahan</u>, 117 F.3d 918, 920 n.1 (5th Cir. 1997).

1. **Prevailing Party.**

A party prevails by succeeding on "'any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'" Squires-Allman, 117 F.3d at 920 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (citations omitted)). In this action, plaintiff challenged the Commissioner's decision because the record was not properly developed, and it did not apply the correct legal standard. He requested that the Court enter a finding of disability on his behalf, or in the alternative remand his case to the Commissioner for proper development. (D.E. 18, 21). The Court vacated the Commissioner's decision, and remanded the case for proper development of the record in accordance with the law, thus satisfying plaintiff's objective in bringing suit. (D.E. 26, 27).

Plaintiff succeeded in vacating the unfavorable decision, and remanding the case to the Commissioner for reconsideration. As such, it is respectfully recommended that plaintiff is a prevailing party within the meaning of the EAJA. See Squires-Allman, 117 F.3d at 920 n.2 (citing Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993)).

2. **Timely Fee Application.**

A prevailing party must submit an application for fees and expenses "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). For

4

purposes of the EAJA, final judgment is defined as "a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G).

The EAJA's thirty-day time limit runs from the end of the period for appeal. See Schaefer, 509 U.S. at 298. Where the Commissioner does not file an appeal within the sixty-day period for appeal, as in this case, an applicant seeking fees has thirty days after the sixty-day period for appeal has run to submit his application. 28 U.S.C. § 2412(d)(1)(B).

In this case, the order and final judgment were entered on December 29, 2005. (D.E. 26, 27). The Commissioner did not file an appeal within the sixty-day period for appeal, which lapsed on February 27, 2006. Plaintiff filed this motion on March 1, 2006. Therefore, it is respectfully recommended that plaintiff's motion for attorney fees is timely.

3. **Substantially Justified.**

In order for plaintiff to collect attorney fees, the Commissioner's position in denying plaintiff's benefits must not have been "substantially justified." See 28 U.S.C. § 2412(d)(1)(A). This determination is made "on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and expenses are sought." 28 U.S.C. § 2412(d)(1)(B).

purposes of the EAJA, final judgment is defined as "a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G).

The EAJA's thirty-day time limit runs from the end of the period for appeal. See Schaefer, 509 U.S. at 298. Where the Commissioner does not file an appeal within the sixty-day period for appeal, as in this case, an applicant seeking fees has thirty days after the sixty-day period for appeal has run to submit his application. 28 U.S.C. § 2412(d)(1)(B).

In this case, the order and final judgment were entered on December 29, 2005. (D.E. 26, 27). The Commissioner did not file an appeal within the sixty-day period for appeal, which lapsed on February 27, 2006. Plaintiff filed this motion on March 1, 2006. Therefore, it is respectfully recommended that plaintiff's motion for attorney fees is timely.

3. **Substantially Justified.**

In order for plaintiff to collect attorney fees, the Commissioner's position in denying plaintiff's benefits must not have been "substantially justified." See 28 U.S.C. § 2412(d)(1)(A). This determination is made "on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and expenses are sought." 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court discussed the meaning of "substantially justified" in Pierce v. Underwood, 487 U.S. 552 (1988), stating that the statutory phrase "substantially justified" means "justified to a degree that could satisfy a reasonable person." Id. at 565. To be substantially justified, the Commissioner's case must have a reasonable basis both in law and fact. Id. at 566 n.2. It is "more than merely undeserving of sanctions for frivolousness," id. at 566, but less than "clearly and convincingly justified." Id. at 568.

The award of attorney fees is not to be automatically granted every time the government loses. See Houston Agric. Credit Corp. v. United States, 736 F.2d 233, 236 (5th Cir. 1984) (citation omitted). The reversal of agency action is not the functional equivalent of an unreasonable position pursuant to the EAJA. Spawn v. W. Bank-Westheimer, 989 F.2d 830, 840 (5th Cir. 1993) (citations omitted). The government does, however, have the burden of establishing that its position was substantially justified. Griffon v. U.S. Dep't of Health & Human Servs., 832 F.2d 51, 52 (5th Cir. 1987) (per curiam). The Fifth Circuit has held the government's position was substantially justified, and therefore, did not allow attorney fees to be recovered even though the government lost: (1) where the government relied on a regulation which was later invalidated; (2) where the government relied on case precedent later set aside; or (3) where new evidence, not available at the

administrative level, became available at trial. See, e.g., Spawn, 989 F.2d at 840 (relied on a regulation which was later invalidated); Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1297 (5th Cir. 1994) (relied on case precedent later set aside); Hallman v. INS, 879 F.2d 1244, 1246-47 (5th Cir. 1989) (per curiam) (new evidence, not available at the administrative level).

The Fifth Circuit has determined that "[a]s a general proposition, however, if the case lacks substantial evidence, and does not turn on mere evidentiary ambiguities or involve novel legal principles, 'the absence of support for the Secretary's decision ... is at once an absence of justification for her position.'" Baker v. Bowen, 839 F.2d 1075, 1081 (5th Cir. 1988) (citing Herron v. Bowen, 788 F.2d 1127, 1132 (5th Cir. 1986) (per curiam)). In this case, the Court found the ALJ failed to consider all of the available evidence. As a result, the Court found substantial evidence did not support the Commissioner's decision. Therefore, it is respectfully recommended that the Commissioner's position in this case was not substantially justified.

### 4. Special Circumstances.

The EAJA disqualifies an applicant from an award of fees if the Court finds that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). It is the government's burden to prove special circumstances exist that make an award

unjust. Baker, 839 F.2d at 1080 (citations omitted). The Commissioner has not filed an opposition to plaintiff's motion for attorney fees, and furthermore, has not provided the Court with any information to establish the existence of any special circumstances.

It is respectfully recommended that there are no special circumstances that would render the award of attorney fees unjust.

**B.     Reasonableness Of Plaintiff's Attorney Fees.**

The Court must next determine whether the hours claimed by plaintiff's attorney are reasonable, or excessive. Attorneys submitting a fee request pursuant to EAJA "are required to exercise billing judgment." Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 769 (5th Cir. 1996); see also Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 718 (5th Cir. 1974) (provides factors to be considered in determining reasonableness of hours billed).

According to the fee application, plaintiff's counsel spent a total of 27.20 hours on the case. (D.E. 44). This time was spent advancing plaintiff's appeal by researching the relevant issues and preparing plaintiff's motion for summary judgment. (D.E. 46). The application further reveals that plaintiff's case was not undesirable, it did not limit the attorney's ability to accept additional work, and the issues presented were not novel or complex. (D.E. 45). Plaintiff's counsel is well-

8

versed in the area of social security appeals and has appeared often before this Court. Id. at 2. The results obtained were desirable.

It is respectfully recommended that the 27.20 hours spent on this case by plaintiff's attorney was reasonable and necessary.

### 1. Reimbursable Amount Of Attorney Fees.

The EAJA provides that attorney fees shall not be awarded in excess of $125 per hour, unless it is determined that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The Fifth Circuit has concluded that while the statute clearly provides for cost of living adjustments, it does not require such adjustments. Baker, 839 F.2d at 1084. "Except in unusual circumstances; therefore, if there is a significant difference in the cost of living since [1996] in a particular locale that would justify an increase in the fee, then an increase should be granted." Id. The Consumer Price Index ("CPI"), as furnished by the Bureau of Labor Statistics, has been used to determine the appropriate amount for cost of living increases pursuant to EAJA. See Bode v. United States, 919 F.2d 1044, 1053 n.8 (5th Cir. 1990) (per curiam) (holding district court's use of CPI for purpose of determining EAJA adjusted attorney fee rate was appropriate).

2.  **The Calculation Of Plaintiff's Attorney Fees.**

Plaintiff's attorney worked a total of 27.20 hours on this case. (D.E. 38). Without objection, plaintiff's attorney calculates the cost of living adjustment pursuant to the EAJA to be $151.25.[3] This hourly rate correctly reflects the cost of living adjustment, and it is respectfully recommended that the Court calculate the EAJA award according to this adjusted rate. Under this adjusted rate, the attorney fees are calculated as 27.20 hours multiplied by $151.25, which equals $4,114.00. It is respectfully recommended that the Court find that plaintiff is entitled to attorney fees in the amount of $4,114.00.

C.  **Costs And Expenses.**

The EAJA authorizes a prevailing party to recover costs and reasonable expenses incurred prosecuting a civil action against the United States. See 28 U.S.C. §§ 2412(a)(1), 2412(b), 2412(d)(1)(A).

Section 2412(a)(1) provides that "costs, as enumerated in section 1920 of this title, but not including fee and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any

---

[3] To calculate the appropriate cost of living adjustment, plaintiff compares the CPI for March 1996, the year in which the $125.00 EAJA rate became effective, with the CPI for July 2004, 155.7 and 189.4 respectively, to find that the rate has increased 21%. (189.4 minus 155.7 = 33.7; 33.7 divided by 155.7 = 21%). A 21% increase equals $151.25 per hour. (D.E. 46, Attach. A & B).

agency or any official of the United States." 28 U.S.C. § 2412(a)(1). Costs enumerated in 28 U.S.C. § 1920 include court filing fees and photocopying costs.

Section 2412(d)(1)(A) provides that "a court shall award to a prevailing party other than the United States <u>fees and other expenses</u>, in addition to any costs awarded pursuant to subsection (a)," to a party who successfully sues the federal government. 28 U.S.C. § 2412(d)(1)(A) (emphasis added). Expenses are "'those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried.'" <u>Kelly v. Bowen</u>, 862 F.2d 1333, 1335 (8th Cir. 1988) (citing <u>Oliveira v. United States</u>, 827 F.2d 735, 744 (Fed. Cir. 1987)). The term "other expenses" has been found to include various items, such as, postage and courier, telephone, electronic research, and attorney travel expenses. <u>Id.</u>

Based on his attorney's summary of costs and expenses, plaintiff seeks $120.07 for reimbursement of litigation costs: $27.53 for postage, $37.40 for photocopies duplicated at a cost of $0.20 each, and $55.14 for courier service. (D.E. 46, at 6). Because the court filing and photocopying costs are recoverable, the Court may order these costs reimbursed. <u>See</u> 28 U.S.C. § 1920. The Court may order the remaining items, postage and courier expenses, be reimbursed as

11

"fees and other expenses" pursuant to § 2412(d)(1)(A). Defendant has not filed a response to plaintiff's request for attorney fees and expenses.

Consequently, it is respectfully recommended that the Court grant plaintiff's request for costs and expenses in the amount of $120.07.

## IV. RECOMMENDATION

It is respectfully recommended that plaintiff is entitled to an award of attorney fees pursuant to the EAJA because he is the prevailing party, the Commissioner's position was not substantially justified, and there are no special circumstances that make an award unjust. It is further respectfully recommended that the Court find that 27.20 billable hours expended on this case by plaintiff's counsel were reasonable and necessary. Finally, it is respectfully recommended that the Court find that plaintiff is entitled to reimbursement of costs and expenses.

Accordingly, it is respectfully recommended that plaintiff's petition for attorney fees, costs, and expenses be granted, and that plaintiff be awarded $4,114.00 in attorney fees and $120.07 in costs and expenses.

Respectfully submitted this 31st day of March 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).